FILED
CLERK
4/6/2016 11:06 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STEVEN ROMERO,

             Plaintiff,

   -against-

WESTBURY JEEP CHRYSLER DODGE, INC., LEVITTOWN FORD, LLC, RANDY SPORN, as an individual, JOEL SPORN, as an individual, DAVID GRAHAM, as an individual,

            Defendants.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
15-cv-4145 (ADS) (SIL)

**APPEARANCES:**

**Raymond Nardo, Esq.**
*Attorney for the Plaintiff*
129 Third Street
Mineola, New York 11501

**Littler Mendelson, P.C.**
*Attorneys for the Defendants*
One Newark Center, 8th Floor
Newark, New Jersey 07102
    By: Jeannine R. Idrissa, Esq., Of Counsel

**SPATT, District Judge**.

On July 15, 2015, the Plaintiff Steven Romero (the "Plaintiff") commenced this action by filing a complaint against the Defendants Westbury Jeep Chrysler Dodge, Inc., Levittown Ford, LLC, Randy Sporn, Joel Sporn, and David Graham (collectively, the "Defendants").

According to the complaint, from 2011 to 2014, the Plaintiff was employed by the Defendants as a "driver," which entailed delivering items in a box truck within New York State.

The Plaintiff asserted claims against the Defendants for failing to pay the Plaintiff overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190 *et seq.* ("NYLL"); and failing to comply with the notice and

1

record keeping requirements set forth in NYLL § 195.  He sought monetary damages in the form of unpaid overtime wages; liquidated damages under NYLL § 195; declaratory relief enjoining the Defendants from future violations of the FLSA and the NYLL; and attorneys' fees and costs.

On December 23, 2015, the parties filed a joint-letter with the Court indicating that the parties had reached an agreement to settle the case and requesting approval of their settlement agreement under the principles outlined in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).  To that end, on the same day, the parties faxed to chambers a copy of the settlement agreement.

The Court has reviewed the settlement agreement and finds that it is fair and reasonable under the principles outlined in Cheeks.

In Cheeks, the Second Circuit held that parties cannot settle their FLSA claims through a private stipulation of dismissal with prejudice pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(a)(1)(A)(ii) unless the district court approves the settlement agreement. Although the Court did not specify what level of scrutiny a court should apply in reviewing a private settlement agreement, it cited with approval a district court case that disapproved a settlement agreement that included:

> (1) 'a battery of highly restrictive confidentiality provisions . . . '; (2) an overbroad release that would 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues;' and (3) a provision that would set the fee for plaintiff's attorney at 'between 40 and 43.6 percent of the total settlement payment' without adequate documentation to support such a fee award.'

Cheeks, 796 F.3d at 206 (2d Cir. 2015) (quoting Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 177-182 (S.D.N.Y. 2015)).  The Court also cited with approval a case in which the district court "rejected a proposed FLSA settlement in part because it contained a pledge by plaintiff's attorney not to 'represent any person bringing similar claims

against Defendants.'" Id. (quoting Guareno v. Vincent Perito, Inc., No. 14CV1635, 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014)).

None of these offending provisions are present in the settlement agreement provided by the parties. The total settlement amount is for $15,000, which represents: (i) $5,000 in attorneys' fees, costs, and disbursements; (ii) $5,000 in lost wages "less all applicable payroll taxes and deductions"; and (iii) $5,000 in liquidated damages for the Defendants' alleged failure to comply with NYLL § 195.

The parties represent in the settlement agreement that the Plaintiff is receiving full compensation for the back wages and liquidated damages to which he is entitled. Further, the settlement itself appears to have been negotiated at arms-length by competent counsel. Accordingly, the Court finds the $10,000 damages award to the Plaintiff to be fair and reasonable.

The $4,500 in attorneys' fees and $500 in costs also appear to be reasonable. The $4,500 represents fifteen hours of work at an hourly rate of $300. That hourly rate is in line with the rates of partners in this District for wage and hour cases. See Mendez v. Casa Blanca Flowers, Ltd., No. 12-CV-5786 (ENV) (JMA), 2014 WL 4258943, at *6 (E.D.N.Y. July 8, 2014), report and recommendation adopted, No. 12-CV-5786 ENV JMA, 2014 WL 4258988 (E.D.N.Y. Aug. 27, 2014) ("Recent decisions in the Eastern District of New York have determined that reasonable hourly rates in FLSA cases are approximately $300–$450 for partners, $200–$325 for senior associates, $100–$200 for junior associates, and $60–80 for legal support staff.") (collecting cases).

Furthermore, the total attorneys' fees represents less than one third of the total settlement amount, which courts in this Circuit have also found to be reasonable. See

3

Meza v. 317 Amsterdam Corp., No. 14-CV-9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases."); Gaspar v. Pers. Touch Moving, Inc., No. 13-CV-8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("The fee requested in this case, $9,804.11, constitutes just under a third of the total recovery in this case. Fee awards representing one third of the total recovery are common in this District . . . . The Court therefore considers the requested fees to be reasonable."). Accordingly, the Court finds that the attorneys' fees in this case are reasonable.

Finally, unlike the improper settlement agreements described in Cheeks, the settlement agreement here does not contain an overly broad release, a non-disparagement clause, or a confidentiality provision. Thus, there is no provision in this settlement agreement which prevents the Plaintiff from discussing his efforts to enforce his statutory rights to fair pay with other workers, or prevents the public from vindicating its "independent interest in assuring that employees' wages are fair." Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 178 (S.D.N.Y. 2015). Rather, the terms of the settlement agreement as set forth in this decision will be available to the public, and the Plaintiff is free to discuss the settlement with whomever he pleases. In addition, the release is narrowly tailored to cover only wage and hour claims arising from the period relevant to this litigation.

For these reasons, the Court approves the settlement as fair and reasonable. The parties may file a stipulation of dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b) within one week of the date of this decision. The Clerk of the Court is directed to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
April 6, 2016

                                                                */s/ Arthur D. Spatt*
                                                               ARTHUR D. SPATT
                                                          United States District Judge